**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **LARRY MAJOR CLAY,** ) | CASE NO. 1:05CV957 |
| ) | |
| Petitioner, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| vs. ) | **OPINION AND ORDER** |
| ) | |
| **WILLIAM F. CHINNOCK, et al.,** ) | |
| ) | |
| Respondents. ) | |

**CHRISTOPHER A. BOYKO, J.**:

This matter comes before the Court upon Plaintiff-Petitioner Larry Major Clay's Affidavit/Motion Seeking Relief From Judgment Pursuant to Civil Rules 60(A) & (B) (1), (5) Entered on May 25, 2005, Under Grounds Of An [sic] Clerical Mistake In The Judgment Arising Fron [sic] An Oversight And Any Other Reasons Justifying Relief From The Judgment (ECF DKT #7). For the reasons that follow, the motion is denied.

**I. BACKGROUND**

On April 12, 2005, Clay , an inmate at the Lake Erie Correctional Institution, filed this Civil Rights action alleging violations of his First and Fourteenth Amendment rights by ten defendants. On May 26, 2005, this Court dismissed the action without prejudice for failure to

state a claim; and pursuant to the Prison Litigation Reform Act of 1995, because on three or more prior occasions, the prisoner brought an action that was dismissed as frivolous, malicious, or failed to state a claim upon which relief may be granted. Clay now contends that he is entitled to relief from judgment under Fed. R. Civ. P. 60(a) and 60(b)(1) and (5). He asserts that there was a clerical error in the judgment, and that the catch-all provision of Rule 60 applies, i.e., "any reasons justifying relief from the judgment."

## II. LAW AND ANALYSIS

Fed. R. Civ. P. 60(a) authorizes a court, at any time of its own initiative or on the motion of any party, to correct "clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission". The rule is not intended to permit a court to revisit its legal analysis or otherwise amend a substantive error. *Pruzinsky v. Gianetti (In Re Walter)*, 282 F. 3d 434, 440 (6th Cir. 2002). Clay rightly points out a typographical mistake at page 2 of the Court's Memorandum of Opinion and Order in the listing of the prior lawsuits brought by Clay and dismissed under the Prisoner Litigation Reform Act. Case No.5:95CV1241 should have been captioned: *Clay v. Givens, et al.*

A party or a party's representative may be relieved of the effect of a final judgment upon a showing of some litigation mistake or error. Fed. R. Civ. P. 60(b)(1). Aside from the clerical mistake acknowledged and corrected above, Clay has not demonstrated any error which ought to be remedied by the operation of Fed. R. Civ. P. 60(b)(1).

Further, Clay references Fed. R. Civ. P. 60(b)(5) in his motion; but he clearly intends to direct the Court's attention to the catch-all subsection in (b)(6) – "any other reason justifying relief." Although the Court has broad discretion to grant relief under this

subsection, it must only be invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F. 2d 357, 365 (6th Cir. 1990). In the instant motion, Clay recites long-standing principles of law and repeats his desire "to prosecute a [sic] attorney in the state arena". He has failed to show "exceptional or extraordinary circumstances" or "undue hardship" (*Olle*, 910 F. 2d at 365). Moreover, he is not permitted to use a 60(b) motion to re-litigate the merits of his claims. *In Re Abdur'Rahman*, 392 F. 3d 174, 179 (6th Cir. 2004).

### III. CONCLUSION

Therefore, although the Court amends its May 25, 2005 Memorandum of Opinion and Order to reflect the correct case citation at page 2, the remainder of Plaintiff-Petitioner Larry Major Clay's Motion under Fed. R. Civ. P. 60(b) for relief from judgment is denied.

**IT IS SO ORDERED**.

**DATE:** August 17, 2006

 s/Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**